# DOCKET: 1:21 CR00417-001

_____

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

_____

## UNITED STATES OF AMERICA

## VS.

## DANIEL WARMUS

_____

## SENTENCING MEMORANDUM

_____

Dated: SEPTEMBER 10, 2022

Submitted by:

DANIEL J. DuBOIS, ESQ.

DuBoisLaw
390 Elmwood Avenue
Buffalo, New York 14222
(716) 563-6132 (T)
1(888) 844-3307 (F)

TO:  Honorable Paul L. Friedman
      UNITED STATES DISTRICT JUDGE

      Kathryn E. Fitfield, Esquire
      ASSISTANT U.S. ATTORNEY

      Hana Field
      UNITED STATES PROBATION OFFICER

## I. Introduction

This memorandum, along with the Presentence Investigation Report (PSR) submitted by Probation which shall be considered formally adopted by Mr. Warmus, are submitted to provide the Court with the information necessary to allow it to consider the sentencing factors relevant to this case as required by United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Crosby, 397 F. 3d 103 ($2^d$ Cir. 2005).

Sentencing is scheduled for September 12, 2022.

## II. Character and History of the Defendant

Daniel Warmus is a different man today than he was on January 6, 2021. He has accepted responsibility for his actions and expects to be held accountable for his choices. Dan continues to prove to those around him that he will do anything and everything it takes to overcome the worst decision he has ever made. The very decision that places him in front of the Court, having to plead to this Court for his continued liberty vs. incarceration. During this proceeding, Dan has demonstrated an ability to learn from the past and not put himself in a position to repeat his prior poor decisions.

The events of January 6, 2021, culminating in Dan's arrest in May of 2021 have changed his life forever. It can be argued that Dan's case has moved through the Federal Court criminal process at "lightening" speed as compared to the majority of cases any United States District Court may preside over, but even when looking at the short "lifespan" of this case, Dan has made significant strides. Notably, he has re-examined his views regarding his

reasons for being involved in the protest on January 6, and has a new, more realistic view of the outcome of the Presidential Election in 2020.  More importantly, he has also come to realize that while he may have certain beliefs or ideologies politically or otherwise, that not everyone may agree with, he acknowledges that there are more appropriate and legal ways to express those views without putting himself or anyone else in legal jeopardy.

At the time of his arrest in May of 2021, Mr. Warmus was a productive member of society with a great deal of potential to do more.  Since his arrest, his life has improved in many ways; he has all the confidence in the world that he can put the poor decisions made by him on January 6, 2021 behind him and continue to thrive, improve, and most importantly, continue to be a productive member of society.

## The Instant offense

The instant offense is a direct result of Dan's desire to be around "likeminded" individuals who shared his opinion of the results of the 2020 Presidential Election.  Dan has maintained from our very first meeting that he traveled to Washington D.C. on or around January 6, 2021, to be around "likeminded" people, and not to enter the Capitol Building or interfere in the results of the election.  He was there to be around other individuals who also believed that the Biden/Trump Presidential Election was a "sham," and that former President Trump was the real winner of the election.  It can be argued that the crowd around the Capitol that day had been "whipped" into a frenzy by the many speakers of a nearby rally, culminating with a large gathering of individuals near the Capitol Building, some of whom, including Dan, entered the Capitol illegally, thus demonstrating in a property they knew they had no right to be in.

Mr. Warmus was caught up in the "madness" that day and no doubt made some very poor decisions, as outlined in the Government's Sentencing Memorandum. While he made some very bad decisions on January 6, 2021, he also made the decisions to remain peaceful, and abstain from the violence that other protestors seemed very willing to partake in. Mr. Warmus was in the Capitol Building for approximately 16 minutes; he damaged nothing and physically assaulted no one.

Dan was caught up in the "madness" of that day; it can be argued that the "mob mentality" took hold of him and prevented him from staying out of the Capitol Building, it prevented him from saying, "I'm here, my voice can be heard, but I'm not going into that building." He followed the "mob" and will now live with that decision everyday for the rest of his life. Despite that fateful decision, there was reasonableness in him that day as evidenced by his very average participation during his time in Washington D.C on January 6, 2021. Unfortunately, his inability to remain the individual thinker that he usually is on a daily basis, lost out to his brief desire to follow this large group of individuals who shared his opinion that day. Dan has lived a long and relatively mundane life. He is not the same person today as he was on January 6, 2021 during those 16 minutes while he was inside the Capitol Building. He's a good person, he desires that government officials, more specifically law enforcement officers, treat everyone they deal with equally and legally. He acknowledges that it was him and him alone that put himself in the position he find's himself in today.

Mr. Warmus was ultimately charged by a four-count Information, ultimately pleading guilty to the 4th count of the Information; a violation of 40 USC Sec.5104(e)(2)(G).

## **Discussion of Sentencing Factors**

As this is a misdemeanor case, the Sentencing Guidelines do not apply; rather, sentencing is guided by 18 USC Sec. 3553(a), which identifies the factors the Court must consider in formulating an appropriate sentence. The following is an application of those factors in the instant case.

### 18 U.S.C. §3553 Factors

i.  *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.*

The instant offense is the result of a portion of the United States population believing that the 2020 Presidential election was "really" won by Donald Trump. A much smaller portion of that same population decided to descend on Washington, D.C. to attend a rally where they could listen to various speakers continue the conversation about the election being "stolen." Once the rally was over, an even smaller portion of that same population marched towards the Capitol, Mr. Warmus included, and made the terrible decision to enter the Capitol while knowing they shouldn't have.

It should be noted that Mr. Warmus refrained from destroying or vandalizing any property that day, and more importantly refrained from being directly involved in any violence that day.

The Defendant's history shows a strong work ethic and a potential to be a highly valued member of society.

The Defendant has persevered after all he has brought upon himself and has continued expanding his employment opportunities to a point where he is no longer living paycheck to paycheck. He has been compliant with all his Pre-Trial release conditions, which he hopes proves to this Court that he can abide by any community-based sentences this Court may impose.

    ii.    *The Need* for *the Sentence Imposed*

    A.  To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

The defendant's role in this matter cannot be denied or minimized. His offenses are serious and the Court's sentence should reflect that.

    B.  To Afford Adequate Deterrence to Criminal Conduct

There is no doubt that the instant offense is serious. It must be deterred by a proportional punishment. The events surrounding January 6, 2021, at the United States Capitol were not only serious, but also extremely disturbing. A sentence of brief incarceration, as the Government could/may request, could certainly be viewed as a deterrent for any individual or group considering similar behavior in the future. Moreover, a sentence of home-confinement, or probation could also serve the same purpose. There were/are defendants involved with "January

6th" who no doubt deserve lengthy jail sentences, it's those sentences that will hopefully deter the same type of behavior in the future.

As stated several times already in this memorandum, Mr. Warmus does not need any further deterrence to prove that he has learned her lesson…the hardway!
The collateral consequences that have been borne by this defendant will also serve to deter others from engaging in similar conduct.  The defendant will forever have a misdemeanor conviction on his record for this offense, which will certainly close many doors to him that may have otherwise been opened.

C.   To Protect the Public from Further Crimes of the Defendant

The specter of federal charges has weighed heavily upon the defendant since his arrest.  Since that time, his life has changed dramatically.  He is no longer tempted by the urges that resulted in his arrest.  He has also realized that the only gratification he needs in his life is the love of his family, and not the may individuals who purport to share the same political or ideological views as him.

It is highly unlikely that the defendant will commit any future crimes as a result of his new attitude towards life.  The defendant will also not risk repeating the terrible burden that he has placed on himself and his family.  The emotional turmoil and shame that he and his family have endured have been Dan's worst punishment.

D. To Provide the Defendant with the Needed Educational or Vocational Training, Medical Care, or Othim Correctional Treatment in the Most Effective Manner

No period of incarceration is necessary to meet the educational, vocational and medical treatment goals of the sentencing reform act. The defendant is somewhat educated. Any period of incarceration would only serve to interrupt the defendant's progress towards a full recovery from the damages he inflicted on himself as a result of this incident.

iii.     *The Kinds of Sentences Available*

Mr. Warmus adopts the Federal Pre-Sentence report's findings regarding the kind off sentences available.

iv.     *The Advisory Sentencing Range Under the Federal Sentencing Guidelines*

Not applicable in this case.

v.     *The Need to Avoid Unwarranted Sentence Disparities Among Defendant's with Similar Records who have been Found Guilty of Similar Conduct*

While the body of work to compare similar Defendant's found guilty of similar conduct is small, there are several cases where the Government recommended the exact sane sentence as they have in Mr. Warmus's case. Out of those cases, only a very small percentage of defendant's were sentenced to incarceration; the remaining defendants were sentenced to a combination of home confinement, probation, and community service. The Court in this case does not run the risk of adding to any national sentencing disparity by imposing a sentence that is consistent with other defendant's sentenced to a period of incarceration for their respective roles in the events surrounding January 6, 2020.

## **Conclusion**

It is respectfully requested that the Court consider the foregoing and impose a sentence that is sufficient but not greater than necessary to meet the requirements of the 3553(a) factors. We are respectfully requesting a "no jail" or community-based sentence in this matter.

Respectfully Submitted,

/S/  Daniel J. DuBois

DANIEL J. DUBOIS, ESQ.
DuBoisLaw
528 Elmwood Avenue
Buffalo, NY 14222
(716) 563-6132 (T)
(888) 844-3307 (F)
Ddlaw33@gmail.com